UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY MANNS, | ) | CASE NO. 1:17 CV 2637 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| RYAN GALLAGHER, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) | |

*Pro se* plaintiff Anthony Manns has filed this *in forma pauperis* action asserting race discrimination in connection with his prior employment at the Cleveland Clinic Call Center in Solon, Ohio. (Doc. No. 1.) He seeks to have his employment reinstated; all negative items removed from his employment file; and back pay.

A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction).

This action must be dismissed pursuant *Apple v. Glenn*.

The plaintiff already filed a lawsuit asserting employment discrimination claims concerning his prior employment at the Cleveland Clinic Call Center. All of his claims concerning his employment were settled and dismissed with prejudice in the prior lawsuit pursuant to a written settlement agreement. *See Manns v. Cleveland Clinic Solon Call Center*, Case No. 1: 16 CV 804, Doc. No. 12. "[A] plaintiff who knowingly and voluntarily agrees to settle his claims is bound by that agreement." *Wyche v. Proctor & Gamble*, 772 F. Supp. 982, 984 (S.D.Ohio 1990); *see also Folley v. Henderson*, 175 F. Supp. 2d 1007, 1011 (S.D. Ohio 2001) (same).

This case in its entirety is barred by the settlement agreement in the plaintiff's prior case. Accordingly, this action is hereby dismissed pursuant to *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE